**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____ FILED   _____ ENTERED
_____ LOGGED   _____ RECEIVED

JUL 0 2 2012

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                    DEPUTY

| | |
|---|---|
| **RALPH T. BYRD,** | * |
| Plaintiff, | * |
| v. | *   Civil Action No.: RWT-11-2086 |
| **MELVIN G. BERGMAN,** | * |
| Defendants. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| v. | *   Criminal Action No.: CCB-12-365 |
| **RALPH T. BYRD,** | * |
| Defendant. | * |

2012 JUN 26   U.S. MARSHALS
GREENBELT MD
RECEIVED

## MEMORANDUM OPINION

In prior orders, this Court has already documented most of the troubling history of this case. Most recently, Ralph T. Byrd ("Byrd") again failed to appear before this Court on May 29, 2012, as directed by Orders of this Court dated May 25, 2012, Doc. No. 26, and May 8, 2012. Doc. No. 24. For the reasons stated below, this Court will, by separate Order, direct that Byrd be prosecuted before another member of the bench of this Court for criminal contempt pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42 for failing to (1) appear in Court on March 21, 2012, April 23, 2012, May 7, 2012, and May 29, 2012 as directed by multiple Orders of this Court and (2) pay the penalty of $15,000 to the Clerk of the Court by April 30, 2012, as directed by Orders of this Court dated March 30, 2012, May 8, 2012, and May 25, 2012.

## I.    Background

On July 28, 2011, Byrd filed a Complaint alleging legal malpractice by the Defendant, an attorney, in his representation of Byrd during attorney disciplinary proceedings that resulted in Byrd's disbarment by the Court of Appeals of Maryland. Doc. No. 1. Byrd sought five million dollars in compensatory damages. *Id.* On February 15, 2012, the Court, on its own motion, dismissed the Complaint after concluding that it lacked subject matter jurisdiction over the case. Doc. No. 2.

Byrd alleges that this Court has federal question jurisdiction over his malpractice claim because of "Defendant's failure to recognize or defend against charges of criminal perjury based on Plaintiff's alleged violations of 18 U.S.C. § 1001 and 18 U.S.C. § 1621." Compl. ¶ 2. The Court concluded that Byrd's claim is a basic legal malpractice action with no basis for federal question jurisdiction. Doc. No. 2. The Court also concluded that to the extent that this Court could have jurisdiction over Byrd's claim pursuant to diversity jurisdiction, diversity of citizenship does not exist here because it appears from the Complaint that Byrd and Defendant are both citizens of Maryland. *Id.* The Court found that "[o]n the face of the Complaint it would be obvious to even the most newly-minted attorney that this Court lacks subject matter jurisdiction over this matter." *Id.*

Additionally, the Court concluded that the lawsuit was "a frivolous and vexatious suit brought by a disbarred attorney against the lawyer who represented him during attorney disciplinary proceedings." *Id.* (citing *Attorney Grievance Comm'n v. Byrd*, 408 Md. 449 (2007)). The Court did not reach its conclusion that Byrd's actions in this case were frivolous in a vacuum. In a memorandum opinion filed on March 19, 2012, Judge Alexander Williams, Jr. affirmed the opinion of the Bankruptcy Court approving administrative expenses entered against

2

Byrd and found that "[t]he transmogrification of this relatively minor case into a behemoth owes to the vexatious and overzealous manner in which pro se Appellant Ralph T. Byrd has litigated it." *Byrd v. Johnson,* Civil Action No. AW-11-1045, Doc. No. 14 at 1. He continued that "[f]ittingly, this Court has previously characterized some of his tactics as 'bad faith,' 'dilatory and frivolous,' 'designed to frustrate the judicial process,' and 'reeking of flagrant abuse.'" *Id.* (internal bracketing omitted). Judge Williams found that Byrd's "shenanigans" were so obstructive "that he was held in contempt, sanctioned, removed from his residence, and disbarred as a consequence." *Id.*

Although Byrd is proceeding pro se, he is an experienced litigator who is aware of the Rules of this Court and the basic concept of subject matter jurisdiction. Byrd was admitted to the bar of the State of New York in 1980 and to the bar of the state of Maryland in 1992. *See Attorney Grievance Comm'n of Maryland v. Byrd,* 408 Md. at 455. Any individual trained in the legal profession, especially one who had been licensed to practice law for almost three decades, could tell from the face of the Complaint that this Court lacked subject matter jurisdiction over the matter. Consequently, the Court directed Byrd to personally appear before this Court on March 21, 2012, to show cause as to why sanctions should not be entered against him under Federal Rule of Civil Procedure 11(c)(3), 28 U.S.C. § 1927, or this Court's inherent authority. *Id.*

On March 14, 2012, Byrd filed an Amended Complaint, Doc. No. 3, a motion for reconsideration, Doc. No. 4, and a motion to continue hearing. Doc. No. 5. The Amended Complaint alleged the same grounds for this Court's jurisdiction that the Court found lacking in the original Complaint. *Compare* Compl. ¶ 2 ("This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 as Plaintiff's malpractice claim against Defendant stems from Defendant's failure

3

to recognize or defend against charges of criminal perjury based on Plaintiff's alleged violations of 18 U.S.C. 1001 and 18 U.S.C. 1621 *with* Am. Compl. ¶ 2 ("This Court has jurisdiction pursuant to 28 U.S.C.A. 1331, as Plaintiff's malpractice claim against Defendant stems from Defendant's failure to recognize or defendant against charges of criminal perjury based on Plaintiff's alleged violations of 18 U.S.C.A. 1001 and 18 U.S.C.A. 1621, said charges having been brought against Plaintiff in violation of 18 U.S.C.A[.] 3231."). No mention was made in Byrd's continuance motion of any medical or other condition that would affect his ability to attend the March 21, 2012 hearing. Doc. No. 5.

On March 15, 2012, this Court denied Byrd's motion for reconsideration and denied Byrd's motion to continue hearing. Doc. No. 7. The Court again directed Byrd to "personally appear before this Court [] on March 21, 2012 to show cause why sanctions should not be entered against him for the reasons stated in this Court's Order of February 15, 2012." *Id.* On March 18, 2012, Byrd filed a Notice of Appeal as to the Court's Orders of February 15 and March 15, 2012. Doc. No. 8.

On March 21, 2012, this Court held the scheduled show cause hearing. Without any explanation, Byrd failed to attend as directed by two prior Orders of this Court. *See* Docs. No. 2, 7. On March 30, 2012, this Court entered an Order directing Byrd to pay a penalty to this Court in the amount of $15,000 in light of his long history of vexatious and frivolous litigation and directed him to personally appear before this Court on April 23, 2012 to show cause why he should not be held in contempt for failure to appear at the March 21, 2012 hearing. Doc. No. 13. On April 4, 2012, Byrd filed an Amended Notice of Appeal that added the Order of March 30, 2012 to the matters being appealed. Doc. No. 14. On April 6, 2012, this Court issued an Order reminding Byrd that he was directed to appear before the Court on April 23, 2012. Doc. No. 16.

On April 23, 2012, Byrd filed an Emergency Motion for Stay Pending Appeal. Doc. No. 17. The motion was filed in the Clerk's Office in Baltimore, and it is time stamped as being received at 9:01 a.m. The Court viewed the motion as essentially two motions: a motion to stay pending appeal and a motion to continue the show cause hearing scheduled for that day. On April 24, 2012, the Court entered an order denying Byrd's emergency motion to stay pending appeal, but granted his motion insofar as it was a motion seeking a continuance of the show cause hearing that was scheduled for April 23, 2012. Doc. No. 20.

The Court continued the show cause hearing previously scheduled for April 23, 2012, to May 7, 2012, in part, because Byrd alleged **for the first time** in his April 23 filing that he was suffering from a medical condition that made it difficult for him to appear in Court on April 23. Byrd claimed that he "suffered a transient ischemic attack or TIA" on January 16, 2012, and a seizure either on March 19 or March 20, 2012, possibly caused by the medication prescribed to treat the TIA. Doc. No. 17, Byrd Dec. ¶¶ 3-4. Byrd alleged that he "would have appeared in Court on March 21, 2012, to make this Motion in open Court but for the fact that [he] needed additional time to recuperate" from the TIA. *Id.* ¶ 2. Byrd alleged that his "neurologist has advised [him] not to subject [himself] to the stress of appearing in Court on April 23, 2012." *Id.* ¶ 6. Byrd attached a letter from his neurologist to his motion that stated Byrd would not be able to appear and argue in court on April 23, 2012 "because of ongoing illness." Doc. No. 17 Ex. 10.[1]

The Court cautioned Byrd that if he wished to seek a further continuance based on his medical condition, he must submit documentation from a competent doctor under oath or affirmation indicating why he is unable to appear in Court. Doc. No. 20. The Order directed

---

[1] Again, Byrd informed the Court about his medical condition the morning of April 23, 2012, the day of the second scheduled show cause hearing. Byrd failed to inform the Court about his illness before the March 21, 2012, show cause hearing.

Byrd to personally appear before the Court on May 7, 2012, to show cause why he should not be held in contempt for his failure to appear on March 21, 2012 and on April 23, 2012 as directed by this Court. *Id.*

On May 2, 2012, Byrd filed an Emergency Motion for Stay Pending Appeal in the United States Court of Appeals for the Fourth Circuit. *Byrd v. Bergman*, Case No. 12-1375 (4th Cir.), Doc. No. 17. On May 4, 2012, the Fourth Circuit entered an Order denying Byrd's motion. *Id.*, Doc. No. 18.

On May 7, 2012, this Court held the scheduled show cause hearing. Byrd, however, again failed to attend as directed by three prior Orders of this Court, and provided no additional documentation concerning his alleged medical condition. *See* Doc. Nos. 2, 7, 20. Additionally, Byrd failed to pay the penalty of $15,000 within 30 days of March 30, 2012 as directed by this Court, *see* Doc. No. 12, notwithstanding denials of his motions to stay in this Court and the Fourth Circuit.

On May 8, 2012, this Court entered an Order that directed Byrd to personally appear before this Court on May 29, 2012, to show cause why he should not be held in contempt for failure to appear on March 21, 2012, on April 23, 2012, and on May 7, 2012, and to pay the penalty of $15,000 to the Clerk of this Court as directed by Orders of this Court. Doc. No. 24. The Court cautioned Byrd that absent extreme circumstances, this Court would not grant another continuance in this case. *Id.*

On May 20, 2012, Byrd filed a motion for reconsideration in the United States Court of Appeals for the Fourth Circuit. *Byrd v. Bergman*, Case No. 12-1375 (4th Cir.), Doc. No. 20. On May 29, 2012, the Fourth Circuit entered an Order denying Byrd's motion. *Id.*, Doc. No. 22.

On May 24, 2012, Byrd filed a motion for reconsideration in this Court. Doc. No. 25.

6

He claimed that he would have sought a further medical continuance for the May 29, 2012, show cause hearing but that the Court's requirement that he submit documentation from a competent doctor under oath or affirmation was "unreasonable, unrealistic, insensitive and insulting." *Id.* at 3. Byrd continued that he "fear[ed] that making such a request of his physician could affect their doctor-patient relationship. Moreover, considering the ill will displayed by the Court toward [Byrd] and the Court's skepticism regarding the medical information previously disclosed by [Byrd], he [could] only speculate as to what the Court may do with his personal medical information." *Id.* Byrd concluded that "it is not in his interests to disclose to this Court any such further information." *Id.*

On May 25, 2012, this Court denied Byrd's motion for reconsideration. Doc. No. 26. The Court again directed Byrd to personally appear on May 29, 2012, to show cause why he should not be held in contempt for failure to appear on March 21, 2012, on April 23, 2012, and on May 7, 2012, and to pay the penalty of $15,000 to the Clerk of this Court as directed by Orders of this Court. On May 29, 2012, the Court held the scheduled show cause hearing, and, once again, Byrd failed to appear.

## II.     Contumacious Behavior

### a.  Failure to Appear in Court as Directed by Court Orders

It is inconceivable to this Court how any individual, much less one who practiced law for three decades, could disregard not one, but **six** Orders signed by a federal judge that commanded his presence before the Court at a particular time. Yet Byrd did exactly that, and more. Byrd's filings claim that he has a medical condition that would make it impossible for him to attend the four scheduled show cause hearings, but he failed to advise this Court of his alleged conditions until the day of the second show cause hearing, which was continued based on his motion so that

7

he could supply medical documentation and seek a stay from the Fourth Circuit. Moreover, Byrd refused to provide the Court with any further information about his alleged medical condition because he did "not believe it would be advisable either to seek to obtain an affidavit from his physician or to appear before the Court to be ambushed in a manufactured confrontation where the Court is both adversary and judge." Doc. No. 25 at 4.

Byrd has failed to show cause why he should not be held in contempt of court for his continued failures to appear as directed. Instead he has opted to cause a substantial disruption in the operations of this Court on March 21, 2012, April 23, 2012, May 7, 2012, and May 29, 2012 by requiring a federal judge, judicial clerk, a courtroom deputy, and a court reporter to wait for him to appear as directed by court Orders, which he ultimately failed to do.

"The federal contempt law bestows power on federal courts to punish '[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command.'" *In re Gates*, 600 F.3d 333, 338 (4th Cir. 2010) (alteration in original) (quoting 18 U.S.C. § 401(3)). "In order to support a conviction under § 401(3), the evidence must demonstrate that 'the defendant *willfully* violated a decree that was clear and left no uncertainty in the minds of those that heard it.'" *Id.* (emphasis in original) (quoting *United States v. Linney*, 134 F.3d 274, 278 (4th Cir.1998)). The Fourth Circuit has held "that the mere failure to appear in court at a scheduled proceeding is 'not an act committed in the actual presence of the court, and is therefore not punishable summarily under Rule 42(b).'" *Id.* at 339 (internal bracketing omitted) (quoting *United States v. Willett*, 432 F.2d 202, 205 (4th Cir. 1970) (per curiam)). Accordingly, this Court will, by separate Order, direct Byrd to appear before another member of the bench of this Court to show cause why he should not be found in criminal contempt pursuant to 18 U.S.C. § 401 and Federal Rule of

8

Criminal Procedure 42 for his failure to appear in Court on March 21, 2012, April 23, 2012, May 7, 2012, and May 29, 2012 as directed by multiple Orders.

### b. Failure to Pay $15,000 Penalty as Directed by Court Orders

"The judicial contempt power's 'great and only purpose is to secure judicial authority from obstruction in the performance of its duties.'" *Brandt v. Gooding*, 636 F.3d 124, 135 (4th Cir. 2011) (quoting *Ex parte Hudgings*, 249 U.S. 378, 383 (1919)). "'The exercise of this power has a two-fold aspect, namely: first, the proper punishment of the guilty party for his disrespect to the court or its order, and the second, to compel his performance of some act or duty required of him by the court, which he refuses to perform.'" *Id.* (quoting *In re Chiles*, 22 Wall. 157, 89 U.S. 157, 168 (1874)). "In short, the contempt power's sole function is to punish an 'act derogatory to the power and authority of the court.'" *Id.* (quoting *Interstate Commerce Comm'n v. Brimson*, 155 U.S. 3, 5 (1894)). Criminal contempt sanctions exist where, as here, they "are intended to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct." *Bradley v. Am. Household Inc.*, 378 F.3d 373, 378 (4th Cir. 2004).

"[A] criminal contempt charge initiates a separate and independent proceeding at law to vindicate the authority of the court that is not a part of the original case." *Brandt*, 636 F.3d at 135 (quotation omitted) (internal bracketing and spacing omitted). "Criminal contempt proceedings are thus initiated at the sole discretion of the court and are not dependent on the success or even the continuation of the underlying suit." *Id.* (quotation omitted). "Indeed, the very 'purpose of a criminal court is not to provide a forum for the ascertainment of private rights' but 'to vindicate the public interest in the enforcement of the criminal law.'" *Id.* (quoting *Standefer v. United States*, 447 U.S. 10, 25 (1980)).

Here, the Court entered an Order directing Byrd to pay a penalty to this Court in the amount of $15,000, and he has failed to do so, notwithstanding the denial of a stay of the order by this Court and the Fourth Circuit. Accordingly, this Court will also, by separate Order, direct that Byrd be prosecuted for criminal contempt pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42 for failing to pay the penalty of $15,000 to the Clerk of the Court by April 30, 2012, as directed by the Court orders dated March 30, 2012, May 8, 2012, and May 25, 2012.

## III.   Conclusion

For the forgoing reasons, this Court will, by separate Order, enter a Notice and Order to Show Cause directing that Byrd be prosecuted before another member of the bench of this Court for criminal contempt pursuant to 18 U.S.C. § 401 and Federal Rule of Criminal Procedure 42 for failing to (1) appear in Court on March 21, 2012, April 23, 2012, May 7, 2012, and May 29, 2012 as directed by multiple Orders of this Court and (2) pay the penalty of $15,000 to the Clerk of the Court by April 30, 2012, as directed by the Court orders dated March 30, 2012, May 8, 2012, and May 25, 2012.

July 2, 2012
Date

/s/

Roger W. Titus
United States District Judge

10